# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00334-MR
# (CRIMINAL CASE NO. 1:16-cr-00064-MR-WCM-1)

| | |
|---|---|
| MARQUISE BROWN, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1].

## I. BACKGROUND

On May 18, 2016, Petitioner was charged along with fifteen co-defendants in a Bill of Indictment with participating in a crack cocaine distribution conspiracy. [Doc. 3]. Specifically, Petitioner was charged with one count of conspiracy to possess with intent to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base (Count One); two counts of possession with intent to distribute cocaine base (Counts Fifteen and Forty-Two); and five counts of distribution of cocaine base (Counts Fifty-One, Sixty-One, Sixty-Three, Sixty-Four, and

Sixty-Five). [Criminal Case No. 1:16-cr-00064 ("CR"), Doc. 3: Bill of Indictment]. On April 14, 2017, Petitioner pled guilty to the conspiracy charge in Count One in exchange for the Government's dismissal of the remaining charges. [CR Doc. 379].

The Plea Agreement advised Petitioner that he faced "a minimum term of ten years imprisonment [and] a maximum term of life imprisonment" with respect to Count One. [CR Doc. 379 at 2]. Pursuant to the Plea Agreement, the parties agreed to jointly recommend to the Court that "[t]he amount of cocaine base . . . that was known or reasonably foreseeable by the defendant was 311.5 grams (from interceptions between March 20, 2015 and April 24, 2015 and then video surveillance between June 19, 2015 and June 20, 2015)." [Id.]. The Government further agreed to recommend up to a two-level reduction for acceptance of responsibility, if applicable, and for timely entry of the plea for purposes of U.S. Sentencing Guidelines § 3E1.1(b). The Plea Agreement set forth the rights Petitioner was waiving by pleading guilty, including the right to a jury trial, the right to assistance of counsel at trial, the right of confrontation, and the right against self-incrimination. [Id. at 5]. Petitioner expressly agreed to waive his appellate and post-conviction rights except claims of ineffective assistance of counsel or prosecutorial misconduct. [Id.].

The parties further agreed that there was a factual basis for the guilty plea, and they executed a written Factual Basis, which Petitioner acknowledged could be used by the U.S. Probation Office and the Court in determining the applicable advisory guideline range or the appropriate sentence unless Petitioner explicitly reserved an objection. [CR Doc. 380 at 1].

The 37-page Factual Basis detailed the Government's investigation and summarized the evidence in the case. Section M of the Factual Basis detailed intercepts that revealed Petitioner to be the primary source of cocaine base for Petitioner's co-defendant Tyquise Deandre Griffin and an alternate source of cocaine base for co-defendant Tyler McAfee. Included in this recitation was a chart listing the intercepts and the quantities of controlled substances sold or discussed during those intercepts:

| DATE | TARGET TELEPHONE # | SUPPLIER | CUSTOMER/ WHOLESALE DEALER | QUANTITY SOLD/ DISCUSSED |
|---|---|---|---|---|
| 3/20/15 [COUNT 15] | TT2 | BROWN | TYQUISE | GRIFFIN went through 2 already, almost 3 ounces. Transfer of $1,700. |
| 3/26/15 | TT2 | BROWN | TYQUISE | 2 ½ ounces of crack |
| 4/5/15 [COUNT 42] | TT2 | BROWN | TYQUISE | GRIFFIN has 3 ½ ounces of crack left. GRIFFIN has $3,000 to $4,000 for BROWN. |
| 4/10/15 [COUNTS 51 AND 52] | TT2 | BROWN | TYQUISE | GRIFFIN is down to his last ounce of crack, has $4,000 |

|  |  |  |  | for BROWN and then gets a "zip" or ounce of crack from BROWN. |
| --- | --- | --- | --- | --- |
| 4/16/15 [COUNTS 55 and 56] | TT2 | MCAFEE | TYQUISE | 13.5 grams of crack |
| 4/17/15 [COUNTS 57 and 58] | TT2 | MCAFEE | TYQUISE | ¼ ounce or 7 grams of crack |

[CR Doc. 380 at 15]. The "Drug Totals" section of the Factual Basis stated, without objection from Petitioner, that Petitioner was individually responsible for 311.5 grams of crack cocaine that was bought, seized or intercepted over wiretaps during the course of the investigation. [CR Doc. 380 at 36].

Petitioner appeared before Magistrate Judge Howell on April 14, 2017, for a Rule 11 hearing. [CR Doc. 462]. At that time, Petitioner stated under oath in open court that he had reviewed the Indictment and Plea Agreement with counsel and was pleading guilty to Count One. [CR Doc. 462 at 5]. Judge Howell read Count One aloud, including the amount of cocaine base charged, and Petitioner confirmed that he was pleading guilty to that offense. [Id. at 6-7]. Judge Howell recited the elements of the offense aloud. [Id. at 7-8]. Petitioner stated that he understood each of the elements of the offense and that the Government would be required to prove each of those elements beyond a reasonable doubt if Petitioner pled not guilty. [Id. at 8]. Judge Howell advised Petitioner that, "[b]ased on the amount of substance alleged

4

in the Bill of Indictment, the maximum possible penalty of this offense is a term of imprisonment which may not be less than ten years nor more than life imprisonment," and Petitioner stated that he understood those minimum and potential maximum penalties. [Id. at 9-10].

Petitioner further acknowledged: that he had discussed how the U.S. Sentencing Guidelines may apply to his case with counsel; that he believed he understood how the Guidelines may apply to him; that the Court would not be bound by the Guidelines in reaching the sentence; and that in the event that the sentence was more severe than Petitioner expected or the Court did not accept the Government's sentencing recommendation, Petitioner would still be bound by the plea and would have no right to withdraw it. [Id. at 11-12]. Petitioner also acknowledged each of the rights he was waiving by pleading guilty, including the right to a speedy trial, the right to summon and confront witnesses, the right to be presumed innocent, the right to require the Government to prove his guilt beyond a reasonable doubt, and the right to have the assistance of counsel at trial. [Id. at 13-15]. Petitioner admitted that he was, in fact, guilty of Count One and that he had committed the acts as described in that Count of the Indictment. [Id. at 14]. The prosecutor then read the Factual Basis into the record, including the March 26, 2015 intercept regarding 2.5 ounces of crack and the total amount

of 311.5 grams of crack cocaine for which Petitioner was responsible. [Id. at 15-21]. Petitioner admitted that everything that the prosecutor had stated with respect to what he believed the Government could prove at trial was true and accurate. [Id. at 20]. Petitioner further admitted that he had read the Factual Basis, and that everything in the document that related to his conduct was true and accurate. [Id. at 21]. Petitioner also signed a Certification under oath to that effect. [Id.]. Petitioner confirmed that he was pleading guilty freely and voluntarily and that his plea was not the product of threats or coercion. [Id. at 22]. Petitioner stated that he understood and agreed with the terms of the Plea Agreement and specifically agreed to the post-conviction and appellate waivers. [Id. at 25]. Petitioner further acknowledged that he had had ample time to discuss possible defense with his attorney, that he had told counsel everything that he wanted him to know about his case, and that he was satisfied with counsel's services. [Id. at 26]. Based on Petitioner's representations, Judge Howell concluded that the plea was knowing and voluntary and was supported by an independent factual basis, and he therefore accepted the plea. [Id. at 27].

In the Presentence Investigation Report ("PSR"), the probation officer calculated a base offense level of 30 for Count One based on Petitioner being responsible for 311.5 grams of crack cocaine. [CR Doc. 419 at ¶ 17].

The probation officer recommended deducting three levels for acceptance of responsibility, resulting in a total offense level of 27. [Id. at ¶¶ 24-26]. Based on Petitioner's criminal record, the probation officer calculated a criminal history category of III, which resulted in a Guidelines range of 87 to 108 months' imprisonment. [Id. at ¶¶ 53-54]. However, because the statutory minimum for this offense was ten years, see 21 U.S.C. § 841(b)(1)(A), the guideline term of imprisonment became 120 months. [CR Doc. 419 at ¶ 80]. Neither party filed objections to the PSR. [See CR Doc. 458 at 9].

This Court held a sentencing hearing on August 17, 2017. [CR Doc. 458]. At that time, Petitioner advised the Court under oath that he still intended to plead guilty; that his plea had been freely and voluntarily entered; and that he was pleading guilty because he did in fact commit the crime with which he was charged. [Id. at 6]. The parties stipulated to the existence of a factual basis for the plea. [Id. at 7-8]. Petitioner acknowledged that he had had an opportunity to review the PSR with counsel and that he understood its contents. [Id. at 8]. The Court accepted the PSR as written. [Id. at 10].

Counsel for both sides asked the Court to impose the mandatory minimum term of 120 months' imprisonment. [Id. at 12]. The Court sentenced Petitioner to 120 months' imprisonment followed by five years of supervised release. [Id. at 14-15; CR Doc. 432]. Petitioner did not appeal.

On December 4, 2017, Petitioner filed a § 2255 Motion to Vacate arguing, *inter alia,* that counsel had failed to file a notice of appeal as requested. [Civil Case No. 1:17-cv-00337-MR, Doc. 1]. The Court granted relief [Civil Case No. 1:17-cv-00337-MR, Doc. 4] and entered an Amended Judgment so that Petitioner could file a direct appeal [CR Doc. 449].

Counsel filed a memorandum brief on direct appeal pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there were no meritorious grounds for appeal, but questioning whether plain error occurred when Petitioner pled guilty to an indictment alleging a drug offense with a ten-year minimum mandatory sentence and whether trial counsel rendered effective assistance. Petitioner filed a *pro se* brief arguing that there was no factual basis to support the plea and that the Government incorrectly calculated the drug quantity attributable to him. The Fourth Circuit Court of Appeals affirmed on February 5, 2019, concluding that Petitioner's guilty plea was knowing and voluntary and that Petitioner's plea was supported by a sufficient factual basis. United States v. Brown, 755 F. App'x 251 (4th Cir. 2019). The Fourth Circuit further found that there was no conclusive evidence of ineffective assistance of counsel on the face of the record and that any such claims should be raised, if at all, in a § 2255 petition. Id.

Petitioner filed the instant § 2255 Motion to Vacate on November 15, 2019. In his Motion, Petitioner argues that he received ineffective assistance of counsel both before this Court and on appeal; that the prosecutor engaged in misconduct by misrepresenting the amount of cocaine base attributable to him; and that this Court committed plain error by accepting the Factual Basis and calculating Petitioner's sentence. Petitioner asks the Court to vacate his sentence and resentence him based on the correct application of the drug amounts charged in the Indictment. [Doc. 1].

## II.  STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that

the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). The Court has also determined that a response from the Government is unnecessary.

## III. DISCUSSION

### A. Waiver

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). Rather, he is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id.

An appellate waiver is generally enforceable where the waiver was knowingly and voluntarily made. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). The Fourth Circuit does not distinguish between the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in a plea agreement. See United States v. Lemaster, 403 F.3d

216, 200 (4th Cir. 2005). There are narrow exceptions to the enforceability of plea waivers such that "even a knowing and voluntary waiver of the right to appeal cannot bar the defendant from obtaining appellate review of certain claims." United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). For instance, because "a defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court[,] ... a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Marin, 961 F.2d at 496.

In the instant case, Judge Howell conducted a thorough Rule 11 colloquy and concluded that Petitioner was pleading guilty knowingly and voluntarily with a full understanding of his plea's consequences, including the appellate and post-conviction waivers. In pleading guilty, Petitioner specifically admitted that he was guilty of the conspiracy offense charged in Count One, and that the amount that was reasonably foreseeable by him was 280 grams or more. Petitioner further admitted as part of the Factual Basis, which he agreed was true and accurate, that he sold or discussed 2.5 ounces of crack with a co-defendant on March 26, 2015, and that the total amount of crack cocaine for which he was personally responsible was 311.5

grams. Petitioner's present unsupported and self-serving attempts to disavow these admissions are rejected. Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); see, e.g., Lemaster, 403 F.3d at 221 ("[A]llegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'").

### B. Ineffective Assistance of Counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional

assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689).

The right to the assistance of counsel during criminal proceedings extends to the plea-bargaining process. See Missouri v. Frye, 566 U.S. 134 (2012). Thus, criminal defendants are "entitled to the effective assistance of competent counsel" during that process. Lafler v. Cooper, 566 U.S. 156, 162 (2012) (internal quotation marks omitted); Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir. 2013). Where a defendant enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was "within the range of competence demanded by attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). To satisfy Strickland's prejudice prong, the defendant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59, 370; Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007).

The right to the effective assistance of counsel extends to the direct appeal. Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (*en banc*). In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, a petitioner must normally demonstrate both

13

deficient performance and prejudice, meaning that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. Effective assistance of appellate counsel "does not require the presentation of all issues on appeal that may have merit." Smith v. Murray, 477 U.S. 527, 536 (4th Cir. 2014) ("winnowing out weaker arguments on appeal and focusing on those more likely to prevail . . . is the hallmark of effective appellate advocacy.") (internal quotations marks and citations omitted). However, appellate counsel may render deficient performance by failing to raise "issues [that] are clearly stronger than those presented." United States v. Mason, 774 F.3d 824, 828-29 (4th Cir. 2014). "The ineffective assistance inquiry therefore requires a court to compare the strength of an issue not raised on direct appeal … with the strength of the arguments that were raised." United States v. Allmendinger, 894 F.3d 121, 126 (4th Cir. 2018). To show prejudice, a petitioner must show a "reasonable probability ... he would have prevailed on his appeal" but for his counsel's unreasonable failure to raise an issue. Smith v. Robbins, 528 U.S. 259, 285-86 (2000).

Petitioner's contentions that trial counsel misadvised him about the evidence, failed to adequately investigate and prepare the case, and miscalculated the drug amounts are conclusively refuted by the record.

14

Petitioner admitted that he was guilty of Count One, which charged a conspiracy involving 280 grams or more of crack cocaine. He specifically admitted that the March 26, 2015 intercept between himself and a co-defendant involved 2.5 ounces of crack, and that the total amount of crack cocaine for which he was personally responsible was 311.5 grams. These admissions relieved the Government of its obligation to prove these facts and relieved defense counsel of the obligation to conduct any further investigation or prepare for trial. Petitioner's claims that counsel failed to adequately prepare for sentencing and object to the total drug quantity and the 2.5-ounce intercept quantity are contrary to the admissions that Petitioner made as part of his knowing and voluntary guilty plea. Counsel cannot be deemed ineffective for failing to object to facts contained in the PSR that Petitioner admitted under oath in open court. Petitioner's attempts to disavow these facts and blame counsel for miscalculating the drug amount are refuted by his own sworn admissions and are rejected.

Petitioner's present claims of ineffective assistance are also refuted by his sworn statements at the Rule 11 hearing that he had ample time to discuss possible defense with his attorney, that he told counsel everything that he wanted him to know about his case, and that he was satisfied with counsel's services.

Moreover, Petitioner has failed to demonstrate prejudice. He only seeks sentencing relief and does not seek to withdraw his plea. Therefore, he has failed to satisfy Strickland's prejudice prong by showing that there is a reasonable probability that he would not have pled guilty but for counsel's allegedly deficient advice.

Petitioner's claims of ineffective assistance of appellate counsel likewise fail. Appellate counsel was not ineffective for filing an Anders brief on direct appeal in light of Petitioner's guilty plea and factual admissions. Petitioner is unable to demonstrate prejudice because he filed a *pro se* brief arguing that there was no factual basis to support the plea and that the Government incorrectly calculated the drug quantity attributable to him that subjected him to a ten-year minimum mandatory sentence. The Fourth Circuit affirmed, concluding that Petitioner's guilty plea was knowing and voluntary and that Petitioner's plea was supported by a sufficient factual basis. United States v. Brown, 755 F. App'x 251 (4th Cir. 2019). Petitioner fails to explain what arguments appellate counsel could have made that had a reasonable probability of succeeding on direct appeal. Nor has Petitioner presented any reason to re-litigate the issues that the Fourth Circuit resolved on direct appeal. See United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013) (it is well settled that a criminal defendant cannot "circumvent a proper

ruling ... on direct appeal by re-raising the same challenge in a § 2255 motion (quoting United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009)); see also United States v. Roane, 378 F.3d 382, 396 n. 7 (4th Cir. 2004) (noting that, absent "any change in the law," defendants "cannot relitigate" previously decided issues in a § 2255 motion); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (holding criminal defendant cannot "recast, under the guise of collateral attack, questions fully considered by this court [on direct appeal]").

### C. Prosecutorial Misconduct

In reviewing a claim of prosecutorial misconduct, the court "review[s] the claim to determine whether the conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002).

Petitioner contends that the prosecutor engaged in misconduct by misrepresenting the amount of cocaine base involved in the March 26, 2015 intercept. Petitioner's claims about the lack of evidence and incorrect calculations of drug quantities, however, are belied by his own sworn admissions that the facts contained in the Plea Agreement and Factual Basis are accurate and correct. His present unsupported and self-serving contentions are rejected. Blackledge, 431 U.S. at 74, 97 S.Ct. at 1629.

### D. Plain Error

Petitioner argues that the Court erred by accepting a Factual Basis that included incorrect drug quantities, and by making a mathematical error in arriving at the drug quantities upon which the ten-year minimum mandatory sentence was based.

Under 21 U.S.C. §§ 841(a) and 846, the sentences for participants in drug conspiracies are set forth in § 841(b), which "creates a three-part graduated penalty scheme for drug distribution offenses, premised on the type and quantity of the drugs involved." United States v. Brooks, 524 F.3d 549, 557 (4th Cir. 2008). The "specific threshold drug quantities must be treated as elements of aggravated drug trafficking offenses, rather than as mere sentencing factors." Id. (quoting United States v. Promise, 255 F.3d 150, 156 (4th Cir. 2001) (*en banc*)). For the statutory minimums of § 841(b) to apply, the particular threshold drug amount must either be "admitted by the defendant or proved to a jury beyond a reasonable doubt" to be reasonably foreseeable to the defendant. Id. at 558 (quoting United States v. Booker, 543 U.S. 220, 244 (2005)).

Petitioner's plain error argument is conclusively refuted by the record. In pleading guilty, Petitioner admitted his guilty of the offense set forth in Count One, which charged a conspiracy involving 280 grams or more of

crack cocaine. [CR Doc. 3 at 2]. He further admitted that the amount of crack cocaine that was "known to or reasonably foreseeable" to him was 311.5 grams. [CR Doc. 379 at 2]. These admissions satisfied the elements of 21 U.S.C. § 841(b)(1)(A) and required the imposition of a ten-year minimum mandatory sentence. The Court did not err by accepting a Factual Basis that Petitioner admitted under oath was true, or by accepting the PSR that incorporated those admitted facts (to which Petitioner did not object). Thus, the Court did not err in sentencing Petitioner to a ten-year minimum mandatory sentence based on a drug amount that Petitioner admitted was reasonably foreseeable to him. Petitioner's present self-serving and unsupported contentions that the amounts contained in the Factual Basis and PSR are inaccurate or unsupported are refuted by his own sworn statements and are therefore rejected. <u>Blackledge</u>, 431 U.S. at 74.

IV.  **CONCLUSION**

For the foregoing reasons, Petitioner's § 2255 Motion to Vacate is denied and dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338, 123 S.Ct. 1029, 1040 (2003) (in order to satisfy § 2253(c), a petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: January 20, 2020

Martin Reidinger
United States District Judge